## ROYAL CALL *vs.* SOLOMON C. CALEF.

The owner of a patent right, having given the plaintiff a power of attorney to pros ecute for an infringement thereof, with a right to retain one half of what he might so obtain for his services and expenses, subsequently sold the patent, together with the claim for infringement, to the defendant, with authority to revoke the plaintiff's power, upon paying him for his services; and the defendant thereupon

gave the plaintiff notice of his wish to revoke the power, and requested him to stop all further proceedings, and promised to pay him twenty-five dollars for his services, to which the plaintiff assented and forbore all further proceedings; it was held, that the plaintiff's forbearance was a good consideration for the defendant's promise, and that the same was not a promise to pay the debt of another within the statute of frauds.

THIS was an action of assumpsit, in which the plaintiff declared on the common money counts, and filed a bill of particulars, as follows : —

" April, 1845. For services rendered by me for Henry Leeds & Co., about the patent right of a planing machine, for which you promised to pay me and became liable therefor. $25.

For money received by you of Charles Hutchinson for me and to my use. $25."

The plaintiff claimed to recover the sum of $25 and interest from the date of the writ.

The facts of the case, which were agreed by the parties, will be found sufficiently stated in the opinion of the court.

*T. Hopkinson,* for the plaintiff.

*I. S. Morse,* for the defendant.

SHAW, C. J. The evidence in the present case tended to prove an express promise by the defendant to pay the plaintiff the sum of $25. Two objections are made to the right of the plaintiff to recover: 1. Want of consideration; and, 2. That the promise was to pay the debt of another, and consequently not available unless made in writing.

The facts are somewhat complicated; but, when understood, we think the case is clear. One Leeds and the plaintiff had an interest in a patent right, which they supposed had been violated by Baldwin and Stevens. Leeds gave the plaintiff a power of attorney to proceed against Baldwin and Stevens, either by suit or negotiation, to recover damages for such violation and to prevent it in future, with an agreement, that the plaintiff should have one half he should obtain, by suit or negotiation, for his services and expenses. The right was supposed to be in Leeds. Subsequently, Leeds entered into an executory agreement with Calef, the defendant, and one Heath, since deceased, to transfer his patent right to

33 *

Call *v.* Calef.

them, including his claims on Baldwin and Stevens; and authorized them to revoke the power which he had given to the plaintiff, they, Calef and Heath, paying the plaintiff for his services.

It might well be contended, for the plaintiff, that after he had done labor and incurred expenses under the power, it was no longer revocable by Leeds; it was a power to collect money, in part to his own use, and was therefore a power coupled with an interest, which, according to the general rule, is irrevocable. But whether so or not, Leeds did not revoke, nor authorize the defendant, Calef, to revoke it, except upon the condition of paying the plaintiff. Under these circumstances, the defendant gave notice to Call, the plaintiff, to stop further proceedings, and of his desire to revoke his power, with a view of settling with Baldwin and Stevens himself; and at the same time promised to pay the plaintiff $25, for his services, to which the plaintiff assented, and forbore all further proceedings against Baldwin and Stevens. This forbearance, and relinquishment of a claim, against a third party, at the defendant's instance, was a good consideration for his express promise.

And this view, we think, furnishes an answer to the other objection. This was not a promise to pay the debt of another. Leeds owed the plaintiff nothing. The plaintiff acted, it is true, as Leeds's agent, and under his power; but he did so upon a special agreement to have half what he should recover for his compensation; so that such service created no debt, by way of *quantum meruit*, or otherwise, as due to him from Leeds. The defendant's promise was a new and original promise, on a consideration moving from the plaintiff, and conferring a benefit on the defendant, by enabling him to settle with Baldwin and Stevens, on his own terms, as he was desirous of doing.*

*Judgment for the plaintiff.*

* This is the same case reported in 13 Met. 362, where the defence was that the agreement was void on the ground of maintenance and champerty.